Hofstadter, J. P. (dissenting).
I dissent and vote to affirm. It is incumbent on an appellate court to exercise its power of review to the utmost stretch to sustain a judgment, not to disturb it, and thus inflict what, the great master of procedural rule and regularity, Wigmore, has called ‘1 the monstrous penalty of a new trial.” Especially, it is not salutary for a court, with limited power of review of the facts, to unduly tend to overturn a judgment on factual grounds. So to exceed its rightful bounds is to do grave mischief — it inflicts injustice in order to do justice.
For, it is the function of the trial court to explore and find the facts. That an appellate Judge would have reached a differ *553 ent result on the facts is no valid ground for discarding that reached below; that, in effect, is retrying the case on the record as a mere deposition. The process is not aided —nor justified —by condemning that as “ incredible ” which is not incredible in the eyes of another reasonable man. As Mr. Justice Stevens of our Appellate Division suggested in another setting, the true test is whether it can be justly concluded “ that by no rational process could the trier of the facts base a finding in favor of the [prevailing] party * * * upon the evidence presented.”
An appellate court may do no less than employ that candor in decision which is commended to counsel for argument. It may not disturb a finding as contrary to the weight of the evidence when what it is really doing is to strike down one of a number of results reached'by the trial court simply because it was not the one it might have chosen. Robert Jackson, great Judge as well as great advocate, warned against a temptation to decide a case according to the court’s predilection as to what it would have decided if it had been the trial judge.
Even as the advocate is adjured to “ deal gently with his case ”, lest he damage it by violence, so an appellate court must be mindful to deal discreetly with a trial court’s determination lest it violate the essential dignity of the judicial process itself — a consideration which supersedes a given result in any litigation.
Concur — Steuer and Tilzer, JJ.; Hopstadter, J. P., dissents in memorandum.
Judgment modified, etc.